UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERYN MEDINA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 05-4069-OP<br><br>MEMORANDUM OPINION; ORDER |

## INTRODUCTION

On June 6, 2005, Plaintiff Katheryn Medina ("Plaintiff"), lodged for filing a Complaint seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. On March 10, 2006, in accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("JS"). Thus, this matter now is ready for decision.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

## BACKGROUND

On March 6, 2003, Plaintiff filed her applications for DIB and SSI (Administrative Record ("AR") at 90-92, 311-13), alleging inability to work since

December 19, 1999 (AR at 90, 103), due to chronic obstructive pulmonary disease ("COPD"), chronic bronchitis, asthma, depression, and back pain. (AR at 103.) Following the denial of her applications (AR at 37-40), Plaintiff requested a hearing[1] before an Administrative Law Judge ("ALJ"). (AR at 41-42.) On February 12, 2004, a hearing was held (AR 324-45), and on April 6, 2004, the ALJ issued his decision. (AR at 26-35.)

As reflected in the hearing decision, the ALJ found that Plaintiff suffered from medically determinable impairments (i.e., degenerative disc disease at L5-S1, spondylolysis and spondylolisthesis at L5, hypertension, hypothyroidism, tension headaches, asthma/allergic rhinitis, mild chronic obstructive pulmonary disease, and dysthymia with anxiety") which in combination were "severe." (AR at 27-28.) However, the ALJ further found that: i) Plaintiff's impairments did not, singly or in combination, meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P of the Commissioner's regulations ("Listing of Impairments" or "Listing"); ii) Plaintiff's statements concerning her symptoms and their impact on her ability to work were not entirely credible; and iii) Plaintiff retained the residual functional capacity ("RFC") to lift and carry fifty pounds occasionally and twenty-five pounds frequently, and stand and/or walk for six hours with normal breaks in an eight-hour day. (AR at 29, 30, 34.) The ALJ further determined Plaintiff "must also avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation." (AR at 29.) The ALJ concluded that Plaintiff's RFC did not preclude the performance of her past relevant work as a data entry clerk or similar other work. (AR at 31-32.) Consequently, the ALJ concluded that Plaintiff had not been under a disability as

---

[1]As part of the Commissioner's testing of modifications to the disability determination process, the reconsideration level of appeal was eliminated in certain randomly selected cases. 20 C.F.R. §§ 404.906(b)(4), 416.1406(b)(4).

defined in the Social Security Act at any time through the date of the ALJ's decision and, therefore, was not eligible for DIB or SSI. (AR at 34-35.)

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 15-16, 18-19.) On May 13, 2005, that request was denied. (AR at 8-12.) Thus, the ALJ's decision stands as the final decision of the Commissioner in Plaintiff's case.

The timely filing of the current action followed.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the report of the consultative examiner in internal medicine, Dr. Nick Mashour; and

2. Whether the ALJ properly considered the lay witness testimony of Mary Otero, Plaintiff's mother.

(JS at 4, 14.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision

1  must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

## DISCUSSION

### A. The ALJ's Evaluation of the Opinion of Dr. Mashour

Although the issue is framed as one concerning the completeness of the hypothetical question to the vocational expert, Plaintiff's real complaint is the ALJ's RFC determination that Plaintiff was not restricted from all exposure to dust and fumes.  Plaintiff claims this finding is inconsistent with the opinion of the consultative examiner, Dr.Mashour, whose opinion, according to Plaintiff, the ALJ adopted.  (JS at 4-5; AR at 29-30.)  Plaintiff contends that, in making this finding and in failing to include in his hypothetical to the expert that Plaintiff was to avoid all dusts or fumes, the ALJ essentially rejected Dr. Mashour's opinion without explaining this rejection.  (JS at 5) (citing Social Security Ruling 96-8p and Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (holding that specific and legitimate reasons are required to reject even the controverted opinions of an examining physician)).

Dr. Mashour, who examined Plaintiff on April 1, 2003, opined, inter alia, that Plaintiff "should not be exposed to dust or fumes given her history of asthma/COPD."  (AR at 250.)  The ALJ found that Plaintiff "must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation."  (AR at 30 (emphasis added); see also AR at 29.)  This is the limitation that the ALJ included in his hypotheticals to the vocational expert.  (See AR at 337-44.)  Plaintiff argues that:

 1) The ALJ adopted Dr. Mashour's opinions; and
 2) Dr. Mashour precluded Plaintiff from all exposure to dust or fumes;
 3) Therefore, in finding that Plaintiff was precluded from "even moderate exposure to fumes, odors, dusts, gases and poor ventilation," the ALJ rejected Dr. Mashour's opinion that

Plaintiff is precluded from all exposure to dusts or fumes without citing specific and legitimate reasons for doing so. (JS at 4-8.) The Court does not find Plaintiff's arguments persuasive.

First, the ALJ did not merely "adopt" Dr. Mashour's opinion. In arriving at his RFC finding that Plaintiff was limited to medium exertional work and should avoid even moderate exposure to fumes and odors, the ALJ indicated that he based his conclusion on a number of factors. In support, the ALJ cited the following: "the opinion of the consultative examiner, Nick Mashour, M.D.,"[2] whose opinion he found was "correct" (AR at 30), his "review of the record," his consideration of "the allegations of the claimant" (AR at 29), and other factors such as "the record as a whole," and "the objective medical evidence." (AR at 30.) The ALJ specifically noted that his review of the entire record did not support the imposition of more restrictive limitations and, indeed, gave Plaintiff "the greatest benefit of the doubt." (AR at 30.)

Substantial evidence in the record supports the ALJ's limitation. Dr. Mashour's report is silent as to the degree of exposure Plaintiff should avoid, e.g., whether she should avoid concentrated, moderate, or all exposure. As a result, it was for the ALJ to interpret the evidence to resolve the ambiguity in that report. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("In making a determination of disability, the ALJ must develop the record and interpret the medical evidence"); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (the ALJ is responsible for resolving ambiguities in the evidence).

---

[2] Although the ALJ generally agreed with Dr. Mashour's opinion, the very fact that the ALJ found that Plaintiff also should avoid odors, gases, and poor ventilation, in addition to the "dust and fumes" discussed by Dr. Mashour, indicates that the ALJ did not simply adopt Dr. Mashour's opinion.

After reviewing the record as a whole, the ALJ interpreted Dr. Mashour's opinion to mean that Plaintiff must "avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation." (AR at 29.) Although Plaintiff accuses the ALJ of "parcel[ing] out the record," rather than viewing the record as a whole (JS at 6, 11), the record as a whole does not suggest that Plaintiff must avoid any and all respiratory irritants. As the ALJ noted, there is a lack of objective findings that would establish the degree of limitations asserted by Plaintiff (AR at 30), none of her treating physicians "rendered an opinion supporting" Plaintiff's allegations of disability symptoms (AR at 30), her treatment had been routine (AR at 31), and she frequently had been noncompliant with her medications. (Id.; see AR at 160, 161, 193, 195, 310.)

Moreover, Dr. Mashour's report itself does not suggest a complete and total preclusion from exposure to dust and fumes. He noted that Plaintiff used her inhaler about two or three times per week and that her respiratory symptoms were "triggered by activities of heavy exertion, pollens, and cold weather." (AR at 250.) Dr. Mashour's findings revealed no significant pulmonary abnormalities. There was no tenderness in the chest, breath sounds were symmetric, there were no rhonchi or rales, expiratory phase was within normal limits, there was no wheezing, and there was no use of accessory muscles. (AR 248-49.) In short, Dr. Mashour noted that Plaintiff's "respiratory examination is normal" and that "[h]er COPD/asthma should be considered mild at this time." (AR at 250.) It should be noted that Dr. Mashour came to this conclusion notwithstanding the fact that Plaintiff herself reported to him that she smoked two cigarettes a day – a rather certain exposure to fumes on a regular basis.

Based on all of the above factors, the ALJ's conclusion that Plaintiff

is precluded from "even moderate" exposure to respiratory irritants is reasonable and based on substantial evidence in the record. Consequently, it must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld."). Had the ALJ actually discredited Dr. Mashour's testimony, the ALJ would have been required to state clear and convincing reasons for doing so. See Orteza v.Shalala, 50 F.3d 748, 750 (9th Cir. 1995). However, because the ALJ here was "merely interpreting" Dr. Mashour's opinion, such a statement was not necessary. Id.

Based on the foregoing, the Court finds that there was no error in the ALJ's assessment of Dr. Mashour's opinion and no error in the ALJ's hypothetical questions to the vocational expert. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

**B.** **The ALJ's Failure to Address the Lay Witness Statement of Plaintiff's Mother**

On March 17, 2003, Mary Otero, Plaintiff's now-deceased mother (AR at 332), provided an unsworn statement entitled Daily Activities Questionnaire (AR at 115-20.) In this statement, Ms. Otero indicated that Plaintiff spent most of her day sleeping (AR at 115), had become sloppy in her grooming habits, generally did not do the cooking or shopping (AR at 116), only washed the dishes and swept the floor when it came to household chores (AR at 117), had a short fuse, avoided socialization (AR at 118), and only completed half of any task she began. (AR at 119.) Ms. Otero also indicated she felt that Plaintiff would never be able to work

again, because she no longer had "tolerance or patience." (AR at 120.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work." Further, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives. See Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467.

Here, the ALJ made no reference to Ms. Otero's statement in his decision. Plaintiff contends, therefore, that the ALJ erred in failing to cite "clear and convincing reasons" for rejecting this lay witness testimony. (JS at 14.) However, the ALJ's reasons for discrediting the lay witness testimony need not be "clear and convincing" as Plaintiff suggests. (See JS at 14.) Rather, the ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ did not do so in this case.

Nor is the ALJ relieved of his obligation to comment upon lay witness testimony simply because he has properly discredited the

Plaintiff's testimony.[3]  To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id.  Similarly, the mere fact that the lay witness is a relative is not a valid reason for rejecting lay witness testimony. Regennitter v. Commissioner of the Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999).

      The Commissioner argues that, although the ALJ did not expressly address Ms. Otero's statement, any omission was harmless,[4] in part because Ms. Otero's responses to the questionnaire differed from Plaintiff's testimony and "like Plaintiff's testimony, [were] largely inconsistent with the objective medical findings of the record."[5]  (JS at 17.) While conflicts in the evidence may be valid reasons for discounting the credibility of lay witness testimony (see e.g., Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); compare Nguyen, 100 F.3d at 1467)), this reasoning is after-the-fact reasoning not articulated by the ALJ, and the Court is "constrained to review the reasons the ALJ asserts." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054 (9th Cir. 2006);  see also

---

[3]  Plaintiff did not contest the ALJ's determination regarding her own credibility.

[4]  The harmless error rule is applicable in Social Security cases.  See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir. 1984).

[5]  With respect to household chores, while Ms. Otero stated that Plaintiff only washes dishes and sweeps, Plaintiff herself indicated she also cooks, vacuums, does laundry, and waters the flowers. (JS at 17.)  The Commissioner also noted that Ms. Otero's statement conflicted with the medical reports – although Ms. Otero described concentration difficulties, "this claim was contradicted by the consultative psychiatrist Albert Shnaider, M.D., who noted that Plaintiff had 'no significant memory or concentration deficits' during her examination [AR 243]." (JS at 17.)

Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L. Ed. 1995 (1947)); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001). As in Stout, "if the Commissioner's request that we dismiss the ALJ's error as harmless 'invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline.'" Stout, 454 F.3d at 1054 (quoting Pinto, 249 F.3d at 847-48).

The Ninth Circuit has never found harmless error where an ALJ has silently disregarded lay testimony about how an impairment limits a claimant's ability to work. Id. at 1055-56. In fact, the Ninth Circuit and its sister circuits have "consistently reversed the Commissioner's decisions for failure to comment on such competent testimony." Id. at 1056. In failing to address a lay witness' statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id. This Court is unable to confidently make that conclusion in this case.

If determined to be credible, Ms. Otero's written statement potentially bolsters Plaintiff's testimony and, therefore, potentially bolsters Plaintiff's credibility. As a result, it cannot be said that, if this testimony were credited, "no reasonable ALJ" could have reached a different conclusion. Accordingly, this matter is remanded solely for the ALJ's evaluation of Ms. Otero's statement.[6]

**ORDER**

---

[6] The ALJ's assessment of Ms. Otero's statement may, in turn, impact the ALJ's credibility finding and his finding as to Plaintiff's RFC. If so, the ALJ should make new findings.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: January 26, 2007         **/O/ OSWALD PARADA**
                                HONORABLE OSWALD PARADA
                                United States Magistrate Judge